[Cite as *Schell v. Rodriguez*, 2021-Ohio-2141.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Logan Schell

      Appellee

v.

Melanie Rodriguez

      Appellant

Court of Appeals No. H-20-022

Trial Court No. CVI 2019 00037

**DECISION AND JUDGMENT**

Decided: June 25, 2021

* * * * *

Michael B. Jackson, for appellee

Kenneth A. Nelson, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Melanie Rodriguez, appeals the October 3, 2019 judgment of the Huron County Court of Common Pleas Court, Juvenile Division, denying transfer of venue from Huron County to Lorain County, Ohio. For the following reasons, we affirm the judgment of the trial court.

## Factual & Procedural Background

{¶ 2} Rodriguez and Logan Schell are unmarried and have one child together, A.S., born on October, 5, 2014. Schell is a resident of Huron County, Ohio. Rodriguez is a resident of Lorain County, Ohio. On March 15, 2019, Schell filed a Complaint for Custody in the Huron County Common Pleas Court, Juvenile Division. Schell attached a certified copy of A.S.'s birth certificate to his complaint, which lists Schell as the father of A.S. Rodriguez has not contested Schell's paternity. On April 23, 2019, Rodriguez filed a motion to transfer venue from Huron County to Lorain County.

{¶ 3} On May 29, 2019, the magistrate held an evidentiary hearing on the issue of venue, and ordered both parties to submit a memorandum of law. During this hearing, Rodriguez and Schell both testified about the circumstances relating to their initial shared-parenting agreement. Although the parties had executed a shared-parenting agreement, they never filed it with the court.

{¶ 4} Schell testified that the agreement was made in anticipation of Rodriguez moving out. That is, he drafted the shared-parenting agreement after the couple separated, but while they were still living together. He said that the sole purpose of the agreement was to establish Schell as the residential parent so that A.S. could attend school and receive medical care in Huron County. Schell believed that the parties could "handle it without getting courts involved," but he decided to pursue judicial action when he learned that Rodriguez was going to withhold A.S.'s start date for pre-school. The parties

2.

privately finalized the agreement on April 6, 2019. In May of 2019, Rodriguez and A.S. relocated to Lorain County.

{¶ 5} A.S. is not the subject of any pending custody related disputes or proceeding in another county. Schell concurred that A.S. spent equal time with both parents, but stated "circumstances led her to live with me more than with her [Rodriguez]."

{¶ 6} On June 25, 2019, the magistrate found that either Huron or Lorain County's Juvenile Court would be an appropriate venue, and denied Rodriguez's motion to transfer venue to Lorain County. Rodriguez filed objections to the magistrate's decision. On October 3, 2019, the trial court overruled Rodriguez's objections and adopted the magistrate's decision. Rodriguez then appealed to this court. We dismissed Rodriguez's appeal of the October 3 judgment because it was not a final, appealable order.

{¶ 7} The parties then entered into a co-parenting agreement pursuant to the local rules of the Huron County Juvenile Court. This agreement was signed by the parties and accepted by the magistrate and the GAL as being in the best interests of A.S. On October 15, 2020, the trial court adopted the magistrate's decision, which adopted the parties' agreed upon parenting agreement. Rodriguez timely filed a notice of appeal on November 12, 2020.

3.

**Analysis**

**{¶ 8}** Rodriguez asserts the following Assignment of Error on appeal:

The trial court abused its discretion by not transferring the venue from Huron to Lorain County as that is the county in which the minor child, A.S., resides with her mother, Rodriguez.

**1. By voluntarily entering into the co-parenting agreement, Rodriguez has waived her challenge to venue.**

**{¶ 9}** Rodriguez is attempting to challenge the trial court's June 25, 2019 decision that overruled her motion to transfer venue from Huron County to Lorain County—even though she voluntarily signed a co-parenting agreement in Huron County after the court's June 25 ruling regarding venue. Schell argues that Rodriguez waived the ability to challenge venue when she entered that co-parenting agreement. We agree.

**{¶ 10}** Once a party enters into a settlement or consent agreement, the party waives its right to seek judicial resolution of that controversy. *See Murray v. Murray*, 6th Dist. Lucas No. L-09-1305, 2011-Ohio-1546, ¶ 21, citing *Green v. Clair*, 9th Dist. Summit No. 20271 (Feb. 14, 2001) (A settlement agreement eliminates the necessity of judicial resolution of a controversy as the parties reached a compromise regarding their respective rights and obligations.) *Liebold v. Hiddens*, 2d Dist. Montgomery No. 21487, 2007-Ohio-2972, ¶ 30 (any arguments advanced by appellant were waived by entering into the consent agreement). *See also Stephanie K. v. Matthew W.*, 133 N.E.3d 1025, 2019-Ohio-1101 (5th Dist.) (Mother was judicially estopped from arguing the county in which the

4.

father filed a second proceeding was an improper venue, where mother submitted to an agreed temporary order for child support and father's parenting time in the first proceeding).

{¶ 11} Here, Rodriguez voluntarily entered into a co-parenting agreement pursuant to the local rules of the Huron County Juvenile Court. Now, she is essentially trying to undo and vacate that parenting agreement by arguing that the Huron County Juvenile Court was an improper venue for this dispute. Under the authority of the above-referenced cases, we conclude that Rodriguez waived her ability to challenge venue when she voluntarily entered into the co-parenting agreement in Huron County. We therefore find her sole assignment of error not well-taken.

## Conclusion

{¶ 12} Rodriguez waived her ability to challenge venue when she voluntarily entered into a co-parenting agreement in the Huron County Court of Common Pleas, Juvenile Division. Thus, her assignment of error is not well-taken. The trial court judgment is affirmed. The costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                    _____
                                                        JUDGE
Christine E. Mayle, J.

                                        _____
Myron C. Duhart, J.                                   JUDGE
CONCUR.

                                        _____
                                                      JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.